CLEVELAND and Another *v.* WORRELL, Administrator.

A reply, denying each and every allegation in all the paragraphs of an answer,
is good.

If a note sued on is lost, and cannot be found on diligent search, its contents
may be proved.

The loss, and personal diligence of the loser, may be shown by his affidavit.

APPEAL from the *Hendricks* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, and
administrator of the estate of *Michael McClain,* deceased,
brought an action against *Ohio Cleveland* and *Layton
Mills,* alleging that the defendants, on the 10th of *Septem-
ber,* 1856, by their promissory note of that date, promised
to pay the plaintiff, at twelve months, 327 dollars, 17 cents,

without relief, &c., which note the plaintiff has lost, and though he has made diligent search for the same, he has been unable to find it.   It is averred that the note is due, and wholly unpaid, &c.   Appended to the complaint there is, what is alleged to be a copy of the lost note, in these words:

"Twelve months after date, we, or either of us, promise to pay *William Worrell*, administrator of *Michael McClain*, deceased, 327 dollars, 17 cents, without any relief whatever from the appraisement laws.   Dated this 10th of *September*, 1856.                    *Ohio Cleveland*,
                                              "*Layton Mills*."

Attached to this copy, there is an affidavit of the plaintiff, alleging that "he held a note against *Ohio Cleveland* and *Layton Mills*, of which the above is a true copy: he further says that, on the 10th of *September*, 1857, the note, with his pocket-book, some money, and divers other notes, was either stolen from, or lost by, him, and that he has made diligent search and effort to recover the same, without success, and that no part of said note has been paid."

Defendants answered—

1. By a general denial.

2. That *Ohio Cleveland*, one of the defendants, on, &c., at, &c., and before the commencement of this suit, fully paid to the plaintiff, in money, the principal and interest due him on said supposed note, and then and there received the same from him and destroyed it, &c.

The reply to the answer is in this form:

"Plaintiff, for a reply to the several paragraphs of the answer, denies each and every allegation thereof."

Defendants demurred to the reply, but their demurrer was overruled.   The issues were then submitted to the Court for trial.   Finding for the plaintiff.   New trial refused and judgment.

The reply to the answer is said to be defective, because it is applied to all the paragraphs, when there should have been a separate reply to each.   There is nothing in this objection.   The general denial authorized by the code, is, in this respect, similar to the general issue at common law, it con-

troverts all the several defenses set up in the answer. The reply, in the form adopted in this case, is obviously sufficient. Van Santv. Pl. 405, 406. In reference to the contents of the lost note, two witnesses were produced. One of them testified that "he was clerk of sale of the personal property of the estate of said decedent; that he saw a note made by the defendants to *Worrell*, and had the note in his possession three or four days after the sale of the property. The note was for over 300 dollars." Witness having referred to the bill of sale of said property, stated the exact amount of the note to be 327 dollars, 17½ cents. The notes taken at the sale, waived the appraisement laws; they were given 10th of *September*, 1856, and due twelve months after date.

The other witness, upon his examination, stated that he read the amount of the sale bill, which was 327 dollars, 17½ cents, to the defendant, *Cleveland*, who inspected the items and said he supposed it was all right, and that he had given his note for the amount, whatever it was, to *Worrell*, the plaintiff, waiving the appraisement laws. This was all the evidence given in the cause.

The testimony of both witnesses was admitted over the defendants' objection; but as, in the reasons for a new trial or in the assignment of errors, no point is made relative to the admission of this testimony, the ruling of the Court, in admitting it, will not be noticed.

As we have seen, the loss of a note similar to the one described in the complaint, was proved by the plaintiff's affidavit; this was sufficient to allow proof of its existence, and of its contents. The affidavit, in our opinion, sufficiently shows that a reasonably diligent attempt had been made to recover the lost note, without success. 2 Phil. Ev., 4 Am. ed., 546. And the testimony of the first witness fully proves, not only the existence of the note sued on, against both defendants, but its contents, as alleged in the complaint. At all events, the Court, sitting as a jury, has passed upon the evidence, and we are not, in view of the whole case, inclined to disturb its conclusions.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*C. C. Nave* and *J. Witherow*, for the appellants.

*H. C. Newcomb, J. S. Tarkington*, and *L. M. Campbell*, for the appellee.